**In re the Marriage of Janet Louise NELSON, Petitioner, Respondent,**

v.

**Charles Frederick NELSON, Appellant.**

**No. CX–86–1623.**

Court of Appeals of Minnesota.

Feb. 24, 1987.

Edward L. Winer, Dale M. Wagner, Moss & Barnett, Minneapolis, for respondent.

Randy L. Decker, Wright S. Walling & Assoc., Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## MEMORANDUM OPINION

PARKER, Judge.

The eight-year marriage of Charles and Janet Nelson was dissolved in 1979. The trial court awarded custody of the parties' two sons, then ages five and six, to Janet Nelson and ordered Charles Nelson to pay a total of $100 per month child support. The court also ordered Charles Nelson to pay spousal maintenance of $250 per month until the children were emancipated, specifying that payments would not cease upon Janet Nelson's remarriage.

In April 1986, when the children were 12 and 13, Janet Nelson moved for an increase in child support. Based on his contention that both his child support and maintenance obligations were in reality child support, Charles Nelson made counter-motions as follows:

> 3. That in the event the Court shall grant relief to petitioner as requested pursuant to her motion, that this Court pro rate any award made to Petitioner between Respondent's spousal maintenance obligation and child support obligation in the same manner as the Judgment and Decree of November, 1979.
> 4. That Respondent's obligation for spousal maintenance payments to Petitioner be deemed child support for purposes of applying Minnesota guidelines, Minn.Stat. § 518.551.

Granting Janet Nelson's motion, the referee ordered the child support increased from $100 to $550. Charles Nelson's motions were denied, and he appealed; the trial court confirmed the referee's conclusions, amending the findings to satisfy *Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn.1986). With respect to its child support modification, the trial court found there had been a substantial increase in Charles Nelson's income (from $18,000 to $31,500) and in the needs of the children which rendered the original child support award unreasonable and unfair; and that Charles Nelson's current net monthly income, including income from investments and refunds, was $2,092.

With respect to Charles Nelson's motions, the trial court recognized that it was possible that allocation of the monthly payments between maintenance and child support had been a "tax-conscious transaction." However, the court declined to interpret the original judgment and decree, suggesting that the proper course of action was by motion to modify maintenance. The court held that Charles Nelson had not brought such a motion nor made a proper showing to justify such a modification and left his spousal maintenance obligation intact at $250 per month.

Charles Nelson appeals, contending the trial court abused its discretion in failing to recognize and grant his motion to modify maintenance and in modifying child support.

## DECISION

█ The trial court correctly ruled that Charles Nelson had not made a proper motion for modification of maintenance on appropriate grounds. *See* Minn.Stat. §§ 518.-64, 518.552 (1986). It appears that this course of action is still available to him, at which time the court may consider whether present maintenance is, in fact, child support and whether child support modification constitutes a substantial change of circumstances which renders the original maintenance award unreasonable and unfair.

█ At oral argument Charles Nelson conceded that Janet Nelson had grounds to seek modification of child support. Absent an assumption that the maintenance award was in fact child support, we cannot say the trial court abused its discretion in raising the award from $100 to $550, which is still below the guidelines. *See* Minn.Stat. §§ 518.64, 518.551 (1986).

Affirmed.